**The Knight Law Group**
Noel Knight, Esq., SBN #223821
800 J Street, #441, Sacramento, CA 95814
Tel: 510-435-9210 – cell/text;
Fax: 510-281-6889

lawknight@theknightlawgroup.com

Attorneys for Debtor…

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>GREGORY LAMONT BELCHER<br><br>　　Debtor and (Rightful) and…<br><br>　　Debtor-in-Possession. | ) Case No: 2018 - 50909<br>)<br>) Chapter 11<br>)<br>) Adversary No. **18 - 05048**<br>) **EX PARTE MOTION FOR**<br>) **TEMPORARY RESTAINING ORDER…**<br>) **AND ORDER TO SHOW CAUSE RE:**<br>) **PRELIMINARY INJUNCTION;**<br>) **PROPOSED ORDER**<br>)<br>) Monday, October 25, 2018<br>) Dept.　　at 10:300 a.m. |

　　Pursuant to the Verified Complaint as against Ag-Seeds Unlimited ("Ag-Seeds") which is lodged in this Court as Adversarial #2018 - 05048, Debtor GREGORY LAMONT BELCHER ("Belcher 'and/or "Debtor") by and through his attorney, hereby submits this **MOTION FOR TEMPORARY RESTRAINING ORDER** and OSC FOR PRELIMINARY INJUNCTION as against Adversarial Defendant Paul Greenfield.

## JURISDICTION & VENUE

1. This Court has jurisdiction as to claims for relief asserted herein under 28 U.S.C. §§1334 and 157; and Venue is proper pursuant to 28 U.S.C. §1409.

2. This adversary proceeding is brought to this Court pursuant to 29 U.S.C. §2201 and Rule 7001 of the F.R.B.P.

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157 (b)(2)(A) and 28 U.S.C.§157 (b)(2)(J), in that it is a request for an injunction, pursuant to 11 U.S.C. §105, prohibiting the continuation of state court litigation that threatens the effective administration of Plaintiff's reorganization plan.

## THE PARTIES & INVOLVED ENTITIES

4. Gregory Lamont Belcher is the Debtor in the parent Chapter 11 # 2018 -50909. Belcher is an orthopedic surgeon who, due to dire life circumstances resulting in severe financial difficulties, filed for Chapter 11 in this Court, while doing so residing at 22000 Dorsey Way, Saratoga, California (the "Property"); Property being the Estate's principal asset in regard to the satisfaction of all debt, secured and unsecured.

4. Paul Greenfield hereinafter "Greenfield") is real estate investor who is doing business in and a resident of the State of California.

**(THE NEXUS BETWEEN THE UNLAWFUL DETAINER AND THE DEBTOR)**

As to factual history, A disposition hearing was held in this matter on August 30, 2018 regarding the state of the bankruptcy and further request for automatic stay for the Estate; with a subsequent disposition hearing scheduled for September 13, 2018.

On September 13, 2018, it was learned while in court that between the respective disposition hearings, Dakota Note, LLC, the holder of the 2nd Deed on 22000 Dorsey Way, Saratoga, without notice, had foreclosed on the property by Reversion to Beneficiary and then subsequently transferred it by sale on September 11, 2018 to Paul Greenfield with whom they were in motion joinder to dismiss the Belcher bankruptcy estate; and doing so for a value about one quarter of the appraised fair market value of the property.

It is Debtor's contention that this collusive transaction constitutes a fraudulent one as against the Debtor's Estate, having stripped the Estate of almost $1.8 million in equity, rendered the Debtor insolvent, and thwarted any satisfaction for the Estate's unsecured creditors..

**THE STATE COURT LITIGATION**

As result of the events detailed above, Greenfield filed Unlawful Detainer in the Superior Court of Santa Clara, case # **18CV335896** seeking the eviction of Belcher and his family from the Property, **See – Exhibit 1**; a Demurrer has been filed against this action.

## DEFENDANT GREENFIELD'S ACTIONS HAVE IMMEDIATE AND DIRECT NEGATIVE IMPACT UPON THE DEBTOR'S ABILITY TO REORGANIZE

Under the historical and factual circumstances as presented, Greenfield's pursuit of his Unlawful Detainer is by design and impact having a **dire impact** on Belcher's ability to both survive and any plan to achieve reorganization. Without the property there can be no Plan and no ability to pay the unsecured creditors as listed in **Exhibit 2**.

## REQUEST TO THIS COURT

As result of Greenfield's actions as listed above, which Plaintiff believes were willful and in blatant disregard of the bankruptcy rules and designed to cause injury to the Plaintiff and his family and the totality of his creditorship, Plaintiff requests that…

1. A **Protective Order** in the form of a **TEMPORARY RESTRAINING ORDER**, followed by a **Preliminary Injunction**, against Belcher which protects the Debtor, his family, and unsecured creditors from any further Unlawful Detainer action and is based on the following rationale…To obtain a protective order, a party must show that it requires protection from unwarranted annoyance, oppression, or undue expense; **See** – 11 U.S.C. §105 and F.R.B.P. 9018.

## BRIEF ON LEGAL ISSUES

THE COURT SHOULD AUTHORIZE A PRELIMINARY
INJUNCTION BARRING GREENFIELD FROM PURSUING
ANY ACTION AS AGAINST DEBTOR BELCHER AS SUCH
ACTION WILL IRREPARABLY HARM THE PLAINTIFF

### IRREPERABLE INJURY

Continuing the State Court Unlawful Detainer Action will cause irreparable harm to the administration of Plaintiff's Plan in that ultimately, due to unstable home life combined with lack of credit or financing, Plaintiff will not be able to house his family, clear his name by appeal in the Court of Appeals, or carry out the basic activities necessary for a successful existence.

### BALANCE OF HARM

The potential harm to the Plaintiff if the Unlawful Detainer action continues far outweighs any potential harm to Greenfield. If an injunction issues, the measure of harm to Greenfield would be the injury, if any, that results from delay in prosecuting the Unlawful Detainer action. To wit, such harm would be non-existent or minimal to Greenfield, as Plaintiff Belcher will be selling the Property and satisfying all his creditors.

On the other hand, Plaintiff has suffered great harm already and will likely suffer **IRREPARABLE HARM** if the TRO does not issue, as set forth above. therefore the balance of hardships here weighs heavily in favor of the Plaintiff and against Greenfield..

## PUBLIC INTEREST

<u>Issuance of a temporary injunction is in the public interest</u>, as Chapter 11 of the Bankruptcy Code expresses the public policy that entities be allowed to reorganize their affairs, temporarily unimpeded by the collection efforts of creditors. Issuance of an injunction would thus further the purposes of the Bankruptcy Code in allowing Plaintiff to work unfettered in administering its Plan and implementing its exit strategy through property sale; **See – Exhibit 3**.

A further and broader public interest would also be served by issuing the injunction. Plaintiff and his family will lose their home. Belcher's ability to carry out his livelihood will be severely impacted. And very important, close to $500,000 in unsecured creditors will have no chance of seeing their positions satisfied.

There is no competing public interest in this case. Although Greenfield might contend that there is a public interest in allowing him to keep the property and evict the Belcher family, this interest will not be seriously undermined by a delay during the pendency of the Plaintiff's adversarial complaint. Therefore, the public interest is strongly served by the issuance of an injunction.

# NO COUNTERVAILING PUBLIC INTEREST

Plaintiff requests that the Court enter an order restraining Greenfield from any Unlawful Detainer action during the pendency of Belcher's adversarial claim; there being no rational public interest against such a request.

## LIKELIHOOD OF SUCCESS ON THE MERITS

This factor has been defined to mean likelihood of success in confirming a plan of reorganization in Chapter 12 cases.  Plaintiff has submitted his Plan in concert with this request, so Plaintiff easily satisfies this requirement; and Belcher's Plan is a simple one…allow him to sell his Property and each and every one of his creditors gets satisfied.

If Greenfield continues pursuit of its state court Unlawful Detainer action, it will have a significant monetary and life effect on not only the Plaintiff, but also the totality of Belcher's creditors..

Respectfully Submitted,
THE KNIGHT LAW GROUP

By: _____
Noel Knight
Proposed Attorney for the Debtor
Gregory Lamont Belcher

Dated: October 14, 2018

# DECLARATIONS ON IRREPARABLE HARM TO DEBTOR MADE BY…

# GREGORY LAMONT BELCHER