

The following constitutes the order of the Court.
Signed: October 25, 2018

_M. Elaine Hammond_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Gregory Lamont Belcher,<br><br><br><br>　　　　　　　　　Debtor. | Case No. 18-50909 MEH<br><br>Chapter 11 |
| Gregory Lamont Belcher,<br><br>　　　　　　　　　Plaintiff.<br><br>v.<br><br>Paul Greenfield &<br>Dakota Note, LLC<br><br>　　　　　　　　　Defendants. | Adv. No. 18-05048<br><br><br>Date: October 25, 2018<br>Time: 10:30 a.m.<br>Ctrm: 3020 |

## ORDER DENYING
## MOTION FOR A TEMPORARY RESTRAINING ORDER

On October 25, 2018, the court held a hearing on Gregory Lamont Belcher's (**"**Plaintiff") Ex-Parte Motion for a Temporary Restraining Order (the "Motion") (Dkt# 10), seeking to enjoin Paul Greenfield and Dakota Note, LLC ("Defendants") from pursuing an unlawful detainer action in state court.

1

The United States Supreme Court has listed the following factors for the moving party to establish in order for a court to grant a temporary restraining order:

(1)  A likelihood of success on the merits,

(2)  A risk of irreparable harm absent injunctive relief,

(3)  That the balance of equities tip in favor of injunctive relief, and

(4)  That injunctive relief is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

The Ninth Circuit employs a "serious questions" test whereby a movant seeking a stay "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [movant']s favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

For the reasons more fully stated on the record, the court finds that Plaintiff has not shown a substantial case on the merits or a strong likelihood of success on the merits. The complaint does not allege any allegations that the foreclosure sale was improper and no stay was in place at the time of the sale. Plaintiff asserts more notice was needed than the statutory requirements list, but fails to provide any legal basis for this position.

Accordingly, the Motion is hereby

DENIED.

**END OF ORDER**

# COURT SERVICE LIST

**Paul Greenfield**
2597 Flagstone Dr.
San Jose, CA 95132

**Dakota Note, LLC**
119 East Center Street, Suite 567
Madison, SD 57042-2908

**Reno F.R. Fernandez**
Macdonald Fernandez LLP
221 Sansome St. 3rd Fl.
San Francisco, CA 94104
(415) 362-0449
reno@macfern.com

**Via ECF:**

All ECF Recipients